12,444-14

<u>CAUSE No. 79-CR-1481</u>

PRO..SE
RONNIE RAY BROOKS     <u>IN THE DISTRICT COURT</u>
      V.             <u>144</u> Judicial District
<u>THE STATE OF TEXAS</u>     <u>BEXAR County, TEXAS</u>

<u>MOTION FOR LEAVE to AMEND 11.07 HABEAS CORPUS</u>

To THE HONORABLE Judge OF Said COURT.
RONNIE RAY BROOKS, APPLICANT FILES this
PETITION FOR LEAVE to AMEND 11.07 AND IN SUPPORT
of this PETITION Will Show the COURT the following.

I

APPLICANT IS CURRENTLY being Illegally RESTRAINED
IN the TEXAS DEPARTMENT OF CRIMINAL JUSTICE. HERE
IN HUNTSVILLE UNIT, 815 <u>12th</u> STREET Huntsville, Tx 77342

II

THE basis of this RESTRAINT is from A Judgement
back IN 1979, 4-4: SENTENCE to 18 YRS AGGK RAPE. Now
ON 4-17-2008 MY CASE WAS dismissed but I WAS
NEVER RELEASED.

III

THIS RESTRAINT IS unlawful because ON these days
I SENT the COURT PROOF, <u>7-31-14, 8-11-14 & 11-4-2014</u>.

IV

I AM SENDING PROOF about the law ON ME Not
getting Admonished. Exhibit (1).

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

MOTION DISMISSED
DATE: 2-25-15
BY: PC

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the PETITIONER PRAYS this PETITION be GRANTED AND the EXHIBIT should be ENOUFF PROOF FOR RELEASE.

Respectfully Submitted

~~Ronnie Ray Brooks~~

I RONNIE RAY BROOKS do SWEAR AND AFFIRM the FOREGOING to be TRUE AND CORRECT to the best of MY KNOWLEDGE this DAY JANUARY 15th 2015.

## ORDER

THE FOREGOING MOTION having been PRESENTED to the COURT ON the ___ DAY OF _____ 2015, AND the SAME been CONSIDERED, It is THEREFORE, ORDERED, ADJUDGED AND DECREED FOR RELEASE.

_____
JUDGE PRESIDING

(2)

# Texas Department of Criminal Justice

## Regional Offices



TDCJ-CID Region I
1225 Ave. G
Huntsville, Texas 77340

TDCJ-CID
Private Prisons
2505 Lake Rd, Ste #1
Huntsville, Texas 77340

TDCJ-CID Region II
P. O. Drawer 400
Tennessee Colony,
Texas 75861

TDCJ-CID Region III
400 Darrington Road
Rosharon, Texas
77583

TDCJ-CID Region VI
4616 West Howard Lane
Austin, Texas 78720

TDCJ-CID Region IV
HC02 Box 965
Beeville, Texas
78102

TDCJ-CID Region V
304 W. 6th St.
Plainview, Texas 79072



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## OFFENDER ORIENTATION HANDBOOK

as

Approved by the

Director of the Texas Department of Criminal Justice, Correctional Institutions Division

I-202 (rev.11/04)

their Projected Release Date (minimum expiration date). If the offender is serving consecutive sentences, he may be approved for parole on a specific cause number that is eligible for review (CU-FI) or the BPP may deny parole for a specific cause number (CU-NR). Offenders who are denied parole and are given serve-alls will be released to Mandatory Supervision (MS) on their Projected Release Dates (minimum expiration dates). If an offender has no Projected Release Date and is given a serve-all, he will serve his/her entire sentence in calendar time and will be discharged from the TDCJ on his/her maximum expiration date. Parole and Mandatory Supervision allow an offender to be released from custody to the supervision of a Parole Division District Parole Officer. Parole and Mandatory Supervision rules are the same. In order to complete the required period of Parole or Mandatory Supervision, the releasee must meet the requirements of supervision. In addition to the General Conditions of parole and mandatory supervision, the BPP may also impose Special Conditions requiring treatment and other program participation, travel and contact restrictions, and restitution reimbursement, Electronic Monitoring may also be imposed by the BPP. Discharge from Parole or Mandatory Supervision occurs on the maximum expiration date of the offender s sentence.

## B.    THE PAROLE INTERVIEW

Offenders do not have to apply for parole or mandatory release consideration. Offenders do not have to hire attorneys or parole consultants to represent them in the parole process or to check on their parole status. All offenders will receive initial parole interviews regardless of disciplinary status (good time lost/class demotion); however, to be eligible for subsequent parole interviews offenders must be classified in the same or higher time earning status assigned to them when they entered TDCJ and must not have had any major disciplinaries in the six-month period prior to the dates they are reviewed for parole which resulted in loss of good time or reduction in class below entry level. During the parole interview offenders are given the opportunity to present parole release plans and employment plans. Release Plans to their family and friends are preferable due to limited halfway house space available. The law [Tex. Gov t Code Ann. / 508.181 (West 1997)] requires that offenders must reside in their Legal County of Residence after release. Legal County of Residence is defined as the county where the offender was living when he committed the present offense. If an offender is incarcerated for multiple offenses, the legal county of residence is determined by the residence at the time of the most recent present offense. Offenders who are called to the unit parole office should bring the names, complete addresses, including accurate zip codes and phone numbers of the person(s) in the Legal County of Residence with whom they intend to reside while on Parole or Mandatory Supervision. If the offender cannot provide addresses in his/her Legal County of Residence, alternate addresses (including out-of-state release plans) may be submitted and the BPP will decide whether or not to allow the offender to be released to a non-county of residence. Out-of-state plans must be accepted by the state to which placement has been requested (via Interstate Compact Agreement). Since all parole plans are verified by parole officers, it is important for them to be provided with complete and accurate addresses and phone numbers (home, work, day, night, and weekend phone numbers) so they can quickly verify each offender s parole plan. The BPP may require electronic monitoring as a condition of release. In the event this condition is imposed, special equipment must be installed in the residence. Prior to the offender s release, the sponsor must sign an agreement to remove all features from the phones (call forwarding, caller ID, call waiting, etc). The BPP may require halfway house placement as a special condition of an offender s release. When an offender has been interviewed for parole

consideration, a report is submitted to the BPP for a decision. When a decision is reached, the offender is informed of the decision. Remember, offenders do not have to apply for parole consideration. An offender DOES NOT have to be in physical custody of TDCJ to be paroled. Texas law authorizes Parole in Absentia (PIA). PIA is the parole release of TDCJ sentenced offenders from other holding facilities, including jails, contract facilities, and federal/other state prisons.

## C.    PAROLE ELIGIBILITY REQUIREMENTS

Offenders serving sentences for offenses that precede the 70th legislature should contact their Unit Institutional Parole Officer in reference to specific eligibility requirements.

The following is a listing of parole eligibility requirements (including 3g and Non-Mandatory Supervision offenses) separated by Legislatures.

1.    **70th Legislature Requirements (Offense dates 9-1-87 to 8-31-92):[Article 42.18, Texas Code of Criminal Procedure (TCCP)].**

   a.    Most offenders under this law become parole eligible when their flat time served and good time credits combine to equal one-fourth of their total sentences. Fifteen years total flat time and good time credit is the maximum requirement in this example. (Flat time served + good time credits = one-fourth of sentence = parole eligibility.)

   b.    Offenders convicted of certain aggravated crimes (i.e., 3g offenses) must serve one-fourth of their sentences in calendar time (flat time); minimum — two years; maximum — 15 years. These 3g offenses are:

   (1)    Capital Murder
   (2)    Aggravated Kidnapping
   (3)    Aggravated Robbery
   (4)    Aggravated Sexual Assault, or
   (5)    When it is shown that the defendant used or exhibited a deadly weapon as defined in the Penal Code, during the commission of a felony offense or during the immediate flight there from.

   c.    Offenders under this law who have their parole denied will be released to Mandatory Supervision on their Projected Release Dates; however, offenders convicted of certain offenses under this law do not have Projected Release Dates (minimum expiration dates). These offenders must be released on parole, or on their maximum expiration dates. Any good time earned by these offenders counts toward parole eligibility only, and does not apply to Projected Release Dates. An offender may not be released to Mandatory Supervision if the offender is serving a sentence for:

(1) Murder, 1st Degree [Penal Code Section 19.02]

(2) Capital Murder [Section 19.03]

(3) Aggravated Kidnapping, 1st or 2nd Degree [Section 20.04]

(4) Sexual Assault, 2nd Degree [Section 22.011]

(5) Aggravated Assault, 2nd or 3rd Degree [Section 22.02]

(6) Aggravated Sexual Assault, 1st Degree [Section 22.021]

(7) Deadly Assault on Law Enforcement or Corrections Officer or Court Participant, 1st Degree [Section 22.03]

(8) Injury to a Child or Elderly Individual, 1st Degree [Section 22.04]

(9) Arson, 1st Degree [Section 28.02]

(10) Robbery, 2nd Degree [Section 29.02]

(11) Aggravated Robbery, 1st Degree [Section 29.03]

(12) Burglary, 1st Degree [Section 30.02 Subsection (d) (3)]; (if armed, in possession of explosives, or if threats or injuries to another occurred during the commission of the burglary).

(13) Any offense when the judgement for the offense contains an affirmative finding of a deadly weapon.

d. Offenders serving consecutive (stacked) sentences must become parole eligible on each of the sentences in the series before they can be released on parole.

e. Offenders convicted of certain sex offenses that were committed on or after September 1, 1991 are required to register with local law enforcement authorities. The offenders will be informed at the time of release of the legal requirement to register as a sex offender within seven calendar days after release.

2. **72nd Legislature Requirements (Offense dates 9-1-92 to 8-31-93); [House Bill 93 amending Article 42.18 (TCCP)].**

a. Same time requirements at 70th Legislature cases. (See Section I.A)

b. Same 3g offenses as 70th Legislature cases. (See Section I-.B)

c. Same Non-Mandatory Supervision offenses at 70th Legislature cases. (See Section I.C)

d. Changes From Prior Legislation: Capital Murder — Must serve 35 years calendar time (flat time) to be parole eligible and must receive two-thirds vote of the entire 18-member Parole Board to be approved for parole.

3.    73rd Legislature Requirements (Offense dates 9-1-93 to 8-31-95); Senate Bill 1067 amending Article 42.18 (TCCP)].

    a.    Same time requirements as 70th Legislature (See Section I.A)

    b.    Offenders convicted of certain Aggravated crimes (i.e., 3g offenses) must serve one-half of their sentences in calendar time (flat time); minimum —two years; maximum 30 years. These offenses are:

        (1)    Capital Murder (note:   must serve 35 years calendar time)
        (2)    Murder, 1st Degree [Section 19.02]
        (3)    Indecency with a Child, 2nd Degree [Section 21.11 (a)(1)]
        (4)    Aggravated Kidnapping
        (5)    Aggravated Sexual Assault
        (6)    Aggravated Robbery
        (7)    When it is shown that the defendant used or exhibited a deadly weapon as defined in the Penal Code, during the commission of a felony offense or during the flight therefrom.

    c.    Offenders under this law who have their parole denied will be released to Mandatory Supervision on their Projected Release Dates. (See Section I.C)

    d.    SIGNIFICANT CHANGES IN 73RD LEGISLATURE

        (1)    CAPITAL MURDER — Must serve 40 years of calendar time (flat time) to be parole eligible; must have two-thirds vote of the entire 18-member Parole Board to be approved for parole.
        (2)    DELETED as a Non-Mandatory Supervision offense - Deadly Assault on Law Enforcement or Corrections Officer or Court Participant [Section 22.03].
        (3)    CHANGED as a Non-Mandatory offense — From Aggravated Assault, 2nd or 3rd Degree, to Aggravated Assault, 1st or 2nd Degree [Section 22.02]
        (4)    DRUG FREE ZONES — Offenders convicted of crimes committed in Drug Free Zones [Section 481.134 of the Health and Safety Code] are not eligible for release on mandatory supervision. They are not eligible for release on parole until their actual time served equals five years, without consideration of good conduct time, or the maximum term of their sentences, whichever is less.
        (5)    USE OF CHILD IN COMMISSION OF OFFENSE - Offenders convicted of crimes involving the use of a child in the commission of the offender [Section 481.140 of the Health and

Safety Code) are not eligible for release on Mandatory Supervision.

4. **74th Legislature Requirements (Offense dates 9-1-95 to 8-31-97)**

   a. Same time requirements as 70th Legislature cases. (See Section I.A)

   b. Same 3g offenses as 73rd Legislature cases, plus the offense of Sexual Assault of a Child. (See Section III.B)

   c. Offenders under this law who have their parole denied, will be released to Mandatory Supervision on their Projected Release Dates. (See Section I-C, for offenses not eligible for Mandatory Supervision, with the exception of Deadly Assault on Law Enforcement or Correctional Officer or Court Participant, which was deleted as a Non-Mandatory Supervision offense by the 73rd Legislature. Also, Aggravated Assault offenses, 1st or 2nd degree, as changed by the 73rd Legislature. Other exceptions to release on Mandatory Supervision will be found in Parts f and g of this section.)

   d. Drug Free Zones and Use of Child in Commission of Offense [See Section III, d (5)]

   e. SIGNIFICANT CHANGES IN 74TH LEGISLATURE

      (1) Enhanced offenses resulting in life sentences for the following offenses will require 35 calendar years to be eligible for parole:

         (a) Burglary of a Habitation with Intent to Commit Sex Assault or Indecency with a Child
         (b) Aggravated Sexual Assault
         (c) Aggravated Kidnapping (intent to violate or abuse victim sexually).

      (2) SEXUAL ASSAULT (of a child) — Offenders convicted of Sexual Assault. [Section 22.011 (a) (2) of the Texas Penal Code] became 3g offenders during this legislative session and must serve one-half of their sentences in calendar time (flat time) to be parole eligible; minimum-2 years; maximum 30 years.

   f. Sentences for offenses occurring on or after 9-1-96 will not be approved for release to Mandatory Supervision if a Parole Panel determines that the release would endanger the public. These are known as Discretionary Mandatory Supervision or House Bill 1433 cases.

**g.** Sentences for offenses occurring on or after 9-1-96 will not be considered for Mandatory Supervision or Discretionary Mandatory Supervision if the offender has ever been convicted of: Capital Murder, Aggravated Kidnapping, Aggravated Sexual Assault (including Aggravated Sexual Abuse and Aggravated Rape), Aggravated Robbery, any offense with an affirmative finding of a deadly weapon, Murder 1st Degree, Sexual Assault 2nd Degree (including Sexual Abuse and Rape), Aggravated Assault (1st and 2nd Degree), Injury to a Child or Elderly 1st Degree, Arson 1st Degree, Robbery 2nd Degree, Drug Free Zone offense, Injury to Disabled Individual, Burglary 1st Degree, Use of Child in Commission of offense.

5. **75th Legislature Requirements (Offense dates 9-1-97 to present, Section 508.149 Texas Government Code); [House Bill 432 amending Article 42.18 (TCCP); Texas Code of Criminal Procedure changed 9-1-97 to Texas Government Code].**

   **a.** SIGNIFICANT CHANGES IN 75TH LEGISLATURE

   (1) The following offenses are not eligible for mandatory supervision if the offense occurs ON OR AFTER 5-23-97: Murder 2nd Degree [Section 19.02 of the Texas Penal Code]; Indecency with a Child 2nd Degree, Indecency with a Child 3rd Degree [Section 21.11 of the Texas Penal Code].

   (2) Sentences for offenses occurring on or after 5-23-97 will not be considered for Discretionary Mandatory Supervision if the offender has ever been convicted of Murder 2nd Degree or Indecency with a Child 2nd or 3rd Degree.

**D. OFFENDERS WITH DETAINERS PENDING**

All offenders with detainers should contact the Agency that placed the detainer with TDCJ and attempt to have their detainers resolved. Offenders with detainers who have been approved for parole, or scheduled for Mandatory Supervision release, will be released to the Agency that placed the detainer with TDCJ. Detainers are not ignored or forgotten by TDCJ or the Parole Division.

**E. PAROLE AND MANDATORY SUPERVISION VIOLATORS**

Technical Parole Violators and Mandatory Supervision Violators will be reviewed for parole when their time credits reflect they are legally eligible for parole review. Parole or Mandatory Supervision violators with new convictions will be eligible for parole consideration when they have accumulated sufficient time to become eligible for parole.

**F. OFFENDERS WHO COMMIT OFFENSES WHILE IN CUSTODY**

Offenders who commit felony offenses on or after July 1, 1994, while in the custody of TDCJ, jails, contract facilities, transfer facilities, FCI, other state

prisons, and other similar facilities are not eligible for parole review until after those charges are adjudicated and upon the offender meeting parole eligibility requirements.

### G.      QUESTIONS ABOUT PAROLE-RELATED ISSUES

To expedite responses, offenders who have questions about their parole eligibility dates or any other parole/release matters should contact the Unit Parole Officer or the Institutional Parole Office for assistance. Do not contact other departments, as they are not trained in parole issues. Parole-related questions should be sent on an offender request form (I-60) or letter to the Institutional Parole Office and should clearly state the question on the I-60/letter. Appropriate responses to these requests will be given as quickly as possible.

## VIII.    SEX OFFENDER TREATMENT PROGRAM INFORMATION

### A.      The Sex Offender Treatment Program (SOTP) and Evaluation

The Sex Offender Treatment Program (SOTP) is located on three TDCJ facilities; the Goree Unit in Huntsville, the Hightower Unit in Dayton, and the Hilltop Unit in Gatesville. The SOTP administers psychological evaluations, and offers sex offender rehabilitation services for both male and female offenders. Offenders are eligible if they are G1, G2, or G3 custody and within 18 months of release. The SOTP conducts psychological evaluations and offers treatment and education for male and female offenders. Two programs are available. The intensive treatment program is an 18 -month cognitive behavioral therapeutic community program. A shorter three-month education program is also available for low risk offenders. Offenders who are interested in receiving treatment should send an I-60 to the Rehabilitation and Reentry Programs Division.

### B.      Civil Commitment of Sexually Violent Predators

In 1999, the Texas Legislature passed a law that provides for the civil commitment of sexually violent predators. The law requires that an offender has two or more convictions for one of the following sex offenses be referred for civil commitment: aggravated sexual assault, sexual assault, indecency with a child by contact, aggravated kidnapping with the intent to commit a sex offense, or burglary of a habitation with the intent to commit a sex offense. In addition, the attempt, conspiracy, or solicitation to commit one of these offenses is a qualifying offense. Similar offenses committed in other states, under federal law or the Uniform Code of Military Justice also qualify, as do adjudications of delinquency in juvenile court for these types of offenses. In addition, a finding of not guilty by reason of insanity (NGRI) for one of these offenses coupled with a conviction for one of these offenses qualifies an offender, as does two findings of NGRI. Successfully completed probations or deferred adjudications also count as final convictions for purposes of civil commitment. The offender must be currently serving a conviction for one of these offenses.

The Texas civil commitment process is based on outpatient treatment and supervision. While most states that civilly commit sexually violent predators do so in an institutional setting, Texas opted to manage this population in the community. The Texas Council on Sex Offender Treatment (hereinafter CSOT) is responsible for case management and treatment services.

TDCJ staff identifies sex offenders who are within 16 months of their scheduled release date, transfers the offender to the SOTP for an evaluation, and presents

Exhibit (L)

the case to the Multidisciplinary Team (hereinafter MDT). The MDT is jointly appointed by the Executive Director of TDCJ and the Commissioner of the Texas Department of Mental Health and Mental Retardation (MHMR) and includes representation for the TDCJ, CSOT, MHMR, and DPS. The team determines whether the offender has been convicted of two qualifying offenses, whether they think the offender is likely to commit a sexually violent offense after release or discharge, and if so, recommends that the offender be seen by an expert. If the expert determines that the offender has a behavioral abnormality that makes him likely to commit a predatory act of sexual violence after release or discharge, the case may be referred to the Special Prosecution Unit for consideration. If a petition is filed, the offender will receive a copy. If the offender is indigent, State Counsel for Offenders will be appointed to represent the offender.

### C.    Sex Offender Registration Program Information

Sex offender registration is required in all 50 states. Offenders convicted of certain sexual offenses on or after September 1, 1970, and who were still serving that sentence in prison, on probation, parole or mandatory supervision as of September 1, 1997, are required by law to register with local law enforcement authorities. TDCJ will complete the registration paperwork at the time of your release from prison and send it to the local law enforcement agency in the community where you will live and to the Texas Department of Public Safety (DPS). Within 7 days of your release, you must report to the local law enforcement agency and verify the information. Failure to do so may result in a new felony conviction.

TDCJ will also assess your level of risk to re-offend based upon a risk assessment instrument approved by the Risk Assessment Review Committee. The risk level is noted on the registration form. If you are noted as high risk and were convicted of a sex offense on or after January 1, 2000, your neighbors will receive a post card about you after you arrive in the community.

Information will also be printed in the newspaper on certain sex offenders and will be available on the DPS website regardless of the offender s risk level.

## OFFENSE CODES REQUIRING REGISTRATION
Under Title 110A, Revised Statutes
Article 6252 - 13c.1
Adult and Juvenile Offenders

| PENAL CODE | OFFENDER DESCRIPTION | MONTH/YEAR THE OFFENSE BECAME REGISTRABLE |
|---|---|---|
| Section 15.01 | Conviction For Attempt, Conspiracy or Solicitation of an offense listed below (excluding indecent exposure). | 09-01-1995 |
| Section 15.02 | | |
| Section 15.03 | | |
| Section 20.02 | Unlawful Restraint, Kidnapping, or Aggravated Kidnapping and the judge made an affirmative finding that the victim or intended victim was younger than 17 years of age. (including deferred adjudication) | 09-01-1991 |
| Section 20.03 | | |
| Section 21.11 | Indecency with a child (excluding deferred adjudication) | 09-01-1991 |
| Section 21.11 | Indecency with a child (including deferred adjudication) | 09-01-1993 |
| Section 22.011 | Sexual Assault (excluding deferred adjudication) | 09-01-1991 |
| Section 22.011 | Sexual Assault (including deferred adjudication) | 09-01-1993 |

62

Texas Dept. Criminal Justice Orientation Book.
Approved by the Director  1-202 (11-04).

| Section 22.021 | Aggravated Sexual Assault (excluding deferred adjudication) | 09-01-1991 |
|---|---|---|
| Section 22.021 | Aggravated Sexual Assault (including deferred adjudication) | 09-01-1993 |
| Section 25.02 | Prohibited Sexual Conduct (Incest) (excluding deferred adjudication) | 09-01-1991 |
| Section 25.02 | Prohibited Sexual Conduct (Incest) (including deferred adjudication) | 09-01-1993 |
| Section 21.08 | Indecent Exposure (4th Conviction) (excluding deferred adjudication) | 09-01-1991 |
| Section 21.08 | Indecent Exposure (4th Conviction) (including deferred adjudication) | 09-01-1993 |
| Section 21.08 | Indecent Exposure (2nd Conviction) (including deferred adjudication) | 09-01-1995 |
| Section 43.05 | Compelling Prostitution | 09-01-93 |
| Section 43.25 | Sexual Performance by a Child (including deferred adjudication) | 09-01-1993 |
| Section 43.26 | Possession or Promotion of Child Pornography (including deferred adjudication) | 09-01-1993 |
| Section 20.04 (a)(4) | Aggravated Kidnapping, if defendant committed offense with intent to violate or abuse victim sexually | 09-01-1995 |
| Section 30.02 | Burglary, if the offense is punishable under Subsection (d) of that section and the defendant committed the offense with intent to commit either of the following felony offenses: 21.11; 22.011; 22.021; 25.02; or 20.04(a)(4) | 09-01-1995 |
| Juvenile laws | An adjudication of delinquent conduct based on a violation of one of the offenses listed above, based on the date of enactment therein | 09-01-1991 09-01-1993 09-01-1995 |
| Out of State Convictions | Conviction under the laws of another state for an offense containing elements that are substantially similar to the elements of any of the above listed offenses and dates of enactment | 09-01-1995 |

Your parole officer will be able to answer questions concerning the Texas Sex Offender Registration Program.

**D.    Orchiectomy**

The Rehabilitation and Reentry Programs Division coordinates offender requests for an Orchiectomy, which is another term for surgical castration.  An offender may request this procedure if he has been convicted of (1) Indecency with a Child, (2) Sexual Assault of a Child, or (3) Aggravated Sexual Assault of a Child and has been previously convicted of one of those offenses. The offender must be 21 years of age or older, submit his request in writing, and sign a statement admitting that he is guilty of the offenses for which he has been convicted. The offender will then be placed in the 18-month Sex Offender Treatment Program. He will be required to complete the program before the surgery will be performed. During the course of treatment, a psychiatrist and psychologist will evaluate the offender to determine whether he is a suitable candidate for the procedure.  They will counsel the offender before he undergoes the procedure. In addition, a monitor appointed by the Texas State Board of Medical Examiners will consult with the offender to ensure that medical professionals have provided adequate information regarding surgical castration and that the offender is free from coercion in his decision to have this procedure performed.

An offender can change his mind at any time before actually undergoing the procedure and withdraw his request. However, once an offender has requested the surgery but later decides not to proceed, he will no longer be eligible for the surgery at any time in the future. The request, or completion, of surgical castration has absolutely no influence on parole consideration, favorable or

63

otherwise. The Board of Pardons and Paroles cannot require that an offender receive an Orchiectomy as a condition of release.

If interested, you should send an I-60 to the Rehabilitation and Reentry Programs Division.

IX.    **TDCJ CRIME STOPPERS  BEHIND THE WALLS**

TIP COMMUNICATIONS PROCEDURES

If an offender has information about a felony crime or wanted fugitive and this information leads to the arrest, indictment and/or charges filed, he will be eligible to collect a cash reward of  up to  $1,000.

**HOW DO OFFENDERS REPORT INFORMATION TO CRIME STOPPERS?**

**WRITE TO:**                    **TDCJ**
                    **CRIME STOPPERS**
                    **P. O. BOX 1855**
                    **HUNTSVILLE, TX 77342-1855**

**CALL:**                    **1-800-832-8477**

Offenders will not be required to write their name, TDCJ number or return address on the outside of this sealed correspondence.  Correspondence will not be logged or inspected by TDCJ personnel.  This correspondence will be treated as special correspondence.   Writing to the TDCJ Crime Stoppers Program following the above instructions will assure informant anonymity.

**WHAT TYPE OF INFORMATION IS REPORTED TO CRIME STOPPERS?**

Information provided to TDCJ Crime Stoppers concerning a crime needs to be as specific as possible to ensure that the appropriate investigative actions can be taken.  Include a physical description of the suspect (example: race, sex, age, date of birth, height, weight, hair and eye color).  Also, include the name of the suspect, nicknames or street names used by the suspect, address, telephone number, employer, known hangouts and acquaintances and the location of the suspect.  Be sure to include types of weapons and/or automobiles used by the suspect, and an explicit description of the date, time and type of crime committed.  If you do not give complete information, an Office of Inspector General employee may contact you; however, the reason and purpose will remain confidential.

**IMPORTANT INFORMATION**

The TDCJ Crime Stoppers Program will not be used to circumvent the grievance system or to report problems that you may have with TDCJ or its operations that are not criminal in nature.